Brad H. Bearnson (I.S.B. 7086)
Wayne K. Caldwell (I.S.B. 8095)
Aaron K. Bergman (I.S.B. 8878)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
(435)752-6300 – Telephone
(435)752-6301 - Facsimile
Email: bbearnson@bearnsonlaw.com
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
Please cc emails to: bjensen@bearnsonlaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY SWOPE and MARLA SWOPE, individually and on behalf of B.S., <br><br> Plaintiffs, <br><br> vs. <br><br> ONEIDA SCHOOL DISTRICT NO. 351, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT** |

COME NOW Plaintiffs TIMOTHY SWOPE and MARLA SWOPE, individually and on behalf of their son B.S., by and through legal counsel Aaron K. Bergman and BEARNSON & CALDWELL, LLC, and hereby complain against Defendant ONEIDA SCHOOL DISTRICT NO. 351, a political division of the State of Idaho, as follows:

## NATURE OF ACTION

This civil action is brought pursuant to 20 U S..C. § 1415. Plaintiffs reserve the right to amend this Complaint, to add claims and parties, see e.g. *Notice of Intent to Commence Action* (Jan. 30, 2017), and Plaintiffs further reserve the right to request the taking of additional evidence. See 34 CFR § 300.516(c). This matter is for the Court to decide, see 34 CFR § 300.516(c), but Plaintiffs reserve the right to request a jury as to any claims or parties added to this lawsuit.

## PARTIES - JURISDICTION - VENUE

1. Plaintiff B.S. is a minor individual residing in Oneida County, ID.

2. Plaintiff TIMOTHY SWOPE is an individual residing in Oneida County, ID.

3. Plaintiff MARLA SWOPE is an individual residing in Oneida County, ID.

4. Defendant ONEIDA SCHOOL DISTRICT NO. 351 is a political division.

5. Plaintiffs have exhausted their administrative remedies and are now aggrieved by the findings and decision of a State Education Agency, namely the Idaho Department of Education. See 20 U.S.C. § 1415(i)(2)(A).

6. Therefore, jurisdiction is proper. See 20 U.S.C. § 1415(i)(3)(A).

7. And venue is proper. See 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. B.S. is disabled and is currently a student of Defendant. B.S. is entitled to a Free, Appropriate, and Public Education ("FAPE"), and Defendant is obligated to provide B.S. with FAPE in the Least Restrictive Environment ("LRE") possible.

A. **TRANSPORTATION.**

9. Since the age of three (3), Defendant has failed to provide B.S. with transportation services. TIMOTHY SWOPE and MARLA SWOPE purchased an expensive van and lift system in order to facilitate transportation, and were compelled to take off work each day to transport B.S. to and from school.

10. Even though B.S. is wheelchair bound, entirely dependent on others, and taking B.S. to the ordinary bus stop utilized by non-disabled children would exercise an undue hardship on B.S., on January 31, 2017 the Department ordered that B.S. is not entitled to receive and Defendant is not obligated to provide door-to-door transportation.

11. For TIMOTHY SWOPE and MARLA SWOPE to transport B.S. to and from school, the time taken is upwards of 40 minutes per day, and requires specialized, expensive, high maintenance equipment.

12. On January 31, 2017, the Department ordered that if B.S. could not be picked up at the ordinary location provided to other non-disabled children, Defendant would only be obligated to pay 0.54 cents per mile, and would not be required to provide any additional services.

13. For the Due Process Hearing, the parties agreed and the Department ordered and dismissed B.S.'s claims for pain, suffering, embarrassment, and **reimbursement** arising out of Defendant's failure to provide transportation: *said claims are not within the scope of the Individual with Disabilities Education Act (IDEA). See 20 U.S.C. § 1400, et. seq. and are not subject to any requirements and/or remedies thereof.*

14. Notwithstanding, on January 31, 2017 the Department disregarded the parties' stipulation and its own order, and awarded B.S. a meager $667.44 for all past unpaid transportation.

**B. SAFETY PLAN.**

15. For the duration of B.S.'s education, Defendant failed to provide B.S. with a safety plan and equipment necessary to that plan.

16. Defendant provided a new employee with false and dangerous instructions, and inadequate training to assist B.S. in toileting procedures.

17. Defendant failed to provide B.S. with a necessary lift to accommodating safe toileting procedures.

18. Defendant admitted that it was not aware of whether any safety plan had been distributed to teachers, or practiced with faculty specifically as to B.S.'s needs.

19. On January 31, 2017, the Department determined that Defendant has provided B.S. with an adequately implemented safety plan.

**C. FULL TIME AID.**

20. B.S.'s disability and disorder is degenerative in nature. Where once B.S. could walk, he is now wheelchair bound. Where once B.S. could lift certain items, reposition himself and exercise a greater level autonomy, B.S. is now entirely dependent on others. As a result, in addition to specialized curriculum B.S. requires specialized care and aid services.

21. Due to safety concerns and B.S.'s psychological suffering when aids would come and go, TIMOTHY SWOPE and MARLA SWOPE expressed concerns to B.S.'s healthcare providers that Defendant was not providing B.S. with a full-time aid. In return, B.S.'s healthcare providers expressed surprise and concern, recommending that failure to provide consistent care givers would not only subject B.S. to significant psychological trauma, but would also subject B.S. to an increased risk for injury.

22. Defendant has refused to provide B.S. with a full-time aid, citing specifically and only to the increased cost such would cost Defendant of $10,000 per year in additional employee benefits. Defendant improperly made that decision in a closed "executive session" meeting to which Plaintiffs were not invited.

**D.  EXCLUSION FROM EDUCATIONAL SERVICES.**

23. Based on Defendant's failure to provide a full-time aid, and Defendant's dangerous conduct in failing to adequately train aids and provide safety equipment and a safety plan, TIMOTHY SWOPE and MARLA SWOPE were compelled to remove B.S. from school and place B.S. on a part-time schedule.

**FIRST CAUSE OF ACTION**
(United States Code, Title 20 § 1415)

24. Plaintiffs restate the prior allegations.

25. Congress' purpose in enacting the Individuals with Disabilities Education Act ("IDEA") was to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services

designed to meet their unique needs and prepare them for further education, employment, and independent living." 34 CFR § 300.1(a).

26. B.S. is entitled to receive and Defendant is obligated to provide education and instruction that is "specially designed . . . to meet the unique needs of a child with a disability," which is to be provided at no additional cost and must be provided where appropriate – whether in a classroom, in the home, at a hospital, or an institution, etc. 34 CFR § 300.39.

27. B.S. is also entitled to receive and Defendant is obligated to provide "related services." 34 CFR § 300.34.

28. Furthermore, Defendant must encourage and not do anything to obviate B.S.'s rights to a Least Restrictive Environment ("LRE").

29. Defendant has failed to provide B.S. with FAPE and has failed to maintain a LRE for B.S.' education. Defendant has failed to provide B.S. with related services of transportation, and B.S., TIMOTHY SWOPE and MARLA SWOPE are aggrieved by the Department's decision against door-to-door transportation, which compels B.S. to choose between no transportation, or payment in lieu of such services, and at the insufficient reimbursement rate of .54 per mile.

30. Defendant has failed to provide B.S. with the related services of a safety plan and necessary safety equipment, and B.S., TIMOTHY SWOPE and MARLA SWOPE are aggrieved by the Department's decision that a draft, unimplemented and undistributed safety plan suffices.

31. Defendant has failed to provide B.S. with related services of a full-time aid, and has placed B.S. in danger and increased psychological suffering by supplying one or more part-time and inadequately trained aids.

32. As a result, TIMOTHY SWOPE and MARLA SWOPE were compelled to remove B.S. into part time school. In contrast, Defendant should not be providing special classes, separate schooling, or other removals from regular educational environments unless the nature and severity of B.S.'s disability, with the use of supplementary aids, precludes a satisfactory education in regular classes. 34 CFR § 300.114.

33. Plaintiffs are aggrieved by the Department's decision that Defendant's compulsion of B.S. into part-time school did not violate B.S.'s rights to a Free, Appropriate and Public Education in the Least Restrictive Environment as possible.

## PRAYER FOR RELIEF

The Court should award Plaintiffs with the following relief, in addition to any relief that the Court deems just and equitable under the circumstances:

1. Reversal of the Department's *Memorandum Decision* (Jan. 31, 2017);

2. Injunctive relief ordering Defendant to fully implement a safety plan, to provide a full-time aid, and to provide all necessary related services and equipment to ensure B.S. receives FAPE in as much as possible the LRE;

3. Injunctive relief enjoining Defendant from compelling B.S., a disabled child, or TIMOTHY SWOPE or MARLA SWOPE, his biological parents, to accept reimbursement in lieu of transportation;

4. Prejudgment and post-judgment interest; and

5. All reasonable attorney's fees and court costs in prosecuting this action.

DATED this 13<u>th</u> day of March, 2017.

        BEARNSON & CALDWELL, LLC

        <u>/s/ Aaron K. Bergman</u>
        Brad H. Bearnson
        Wayne K. Caldwell
        Aaron K. Bergman
        *Attorneys for Plaintiffs*