Brad H. Bearnson (#3633)
Wayne K. Caldwell (#9466)
Aaron K. Bergman (#13147)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: bbearnson@bearnsonlaw.com
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
For emails, please cc: mkissner@bearnsonlaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY SWOPE and MARLA SWOPE, individually and on behalf of B.S., | Case No. 4:17-CV-00113-BLW |
| Plaintiffs, | |
| vs. | **DECLARATION OF AARON K. BERGMAN** |
| ONEIDA SCHOOL DISTRICT NO. 351, a county school district; DAVID RISENMAY, in his individual and official capacities; and TERRI SORENSEN, in her individual and official capacities, | |
| Defendants. | |

AARON K. BERGMAN, being first duly sworn on oath, deposes and says:

1.       I am an attorney licensed to practice law in the State of Idaho and have been

retained by Plaintiffs in the above referenced matter and am action as lead counsel in this matter.

2.      I have read the following article: Steve D. Susman and Thomas M. Melsheimer, *Trial by Agreement: How Trial Lawyers Hold the Key to Improving Jury Trials in Civil Cases,* required in the Supplemental Trial Management Order.

3.      I am willing in this case to make a good faith effort to apply the basic principles of this article and the concepts contained in Pretrial Agreements Made Easy, as found at http://trialbyagreement.com.

4.      I would note, however, some opinions as to *Trial by Agreement: How Trial Lawyers Hold the Key to Improving Jury Trials in Civil Cases*. In a citation within that article, there is a reference to another article which studied the types of questions posed by juries in various cases. See *Id*. at fn. 55, *Shari Seidman Diamond et al., Juror Questions During Trial: A Window into Juror Thinking*, 59 Vand. L. Rev. 1927. Interestingly, but not surprisingly, many a juror's question implicates a legal issue within the case. Another interesting note by that same article is the tendency that such questions may encourage a juror to discuss and evaluate the evidence prior to all of it being heard.

5.      Practically speaking, I agree with the principles set forth in the article, and as to nearly all of them, such are already practiced regularly by me. Such is particularly true as to simple trial by agreements that facilitate and expedite the litigation process. Juror questions are also relatively common, albeit good instructions like those found in Arizona are worth note.

6.      Practically speaking, I am more hesitant in regards to *interim arguments*. I have never seen these done. I can see their purpose in long trials, but the same practice in shorter trials could cause jurors to get lost in the weeds. Such could also, and certainly would be used as a

means of planting seeds in the jury's mind. Such could also easily be used to distract the jury from another party's opportunity to present his or her case-in-chief by peremptorily raising rebuttal arguments.

7.      Therefore, in my mind, *interim arguments* pose a much greater danger than jury submitted questions, which I do not find offensive. Even if such *interim arguments* could be subject to an agreement entered into prior to trial, and therefore obviate the risks of improper use, trial is still, albeit more subtly at that time, a moving target. Good advocacy I believe in part depends on counsel's ability to sense and move with the target, and pre-agreed to *interim arguments* would prevent that necessary flexibility and advocacy.

8.      Notwithstanding my above concerns, I am open to these principles, and encouraged by the Court's willingness to consider and implement the same.

In accordance with Idaho Code section 9-1406, and 28 USC § 1746 (declarations in lieu of affidavits), and subject to statements of opinion and judgment, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of July, 2017.

BEARNSON & CALDWELL, LLC


/s/ Aaron K. Bergman
Aaron K. Bergman
Brad H. Bearnson
Wayne K. Caldwell
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2017, a true and correct copy of the foregoing

**DECLARATION OF AARON K. BERGMAN** was emailed to the following:

    Brian K. Julian
    Chris H. Hansen
    ANDERSON, JULIAN & HULL, LLP
    bjulian@ajhlaw.com
    chanson@ajhlaw.com

               Marissa Eyster

**DECLARATION OF AARON K. BERGMAN**
*Swope, Swope v. Oneida School District, No. 351*
Case No. 4:17-CV-00113-BLW