Brad H. Bearnson (I.S.B. 7086)
Wayne K. Caldwell (I.S.B. 8095)
Aaron K. Bergman (I.S.B. 8878)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
(435)752-6300 – Telephone
(435)752-6301 - Facsimile
Email: bbearnson@bearnsonlaw.com
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
Please cc emails to: mkissner@bearnsonlaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY SWOPE and MARLA SWOPE, individually and on behalf of B.S., and DENISE COOMBS, individually and on behalf of O.C.,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>ONEIDA SCHOOL DISTRICT NO. 351, a county school district; DAVID RISENMAY, in his individual and official capacities; and TERRI SORENSEN, in her individual and official capacities, and KERRY EVANS, in her individual and official capacities,<br><br>　　　　　　　Defendants. | Case No. 4:17-cv-00113-BLW<br><br>**PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE** |

Plaintiffs, TIMOTHY SWOPE and MARLA SWOPE, and DENISE COOMBS ("Plaintiffs"), by and through their counsel of the attorneys of Bearnson & Caldwell, LLC, submit their Omnibus Motions in Limine and, in support thereof, state as follows:

Plaintiffs move this Court for an Order prohibiting Defendants' counsel from making any comment, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein, without first approaching the Bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors, or jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters.

In addition, Plaintiffs move the Court for an order directing Defendants' counsel to inform any and all of Defendants' witnesses of the Court's order regarding these matters, and to instruct any and all such witnesses to refrain from mentioning any such matters in the presence and hearing of all prospective jurors, or jurors ultimately selected in this case, until Defendants' counsel has obtained a ruling in compliance with this order that such matters would be admissible as evidence in this case.

As grounds for this motion, Plaintiffs show the Court that the matters set out are irrelevant to any issue in this case and would be inadmissible under the Federal Rules of Evidence, for any purpose on proper and timely objection, inasmuch as they have no bearing on the issues in this case or the rights of the parties to this suit. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would prejudice the jury, and sustaining objections to such question, comments, or offers would not cure such prejudice, but would only reinforce the impact of such prejudicial matters on the jurors.

The Federal Rules of Evidence (hereinafter "F.R.E."), Rule 103(d) states: To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.

The following matters would not be admissible for any purpose in this case:

1. Comments meant to inflame passion or prejudice in the jury would be improper. As routinely identified by controlling case law, reception at trial of evidence which "serves only to inflame the minds and passions of the jury" is reversible error. *State v. Whitney,* 43 Idaho 745, 254 P. 525 (1927); *see also State v. Wheeler,* 70 Idaho 455, 220 P.2d 687 (1950); *Landsdown v. United States,* 348 F.2d 405 (5th Cir. 1965); *United States v. Tomaiollo,* 249 F.2d 683 (2d Cir. 1957); *State v. Hudson,* 89 Ariz. 103, 358 P.2d 332 (1960); *Rand v. State,* 232 Ark. 909, 341 S.W.2d 9 (1960); *Hatifield v. Commonwealth,* 395 S.W.2d 768 (Ky.1965); *People v. Gougas,* 410 Ill. 235, 102 N.E.2d 152, 28 A.L.R.2d 852 (1951).

In bringing this motion in limine, Plaintiffs are specifically concerned with statements made by defense counsel about "tort reform," "frivolous lawsuits," or other efforts to appeal to the jury's possible prejudices against plaintiffs and personal injury litigation in general rather than the facts and law of the case. Plaintiffs' concerns are illustrated in the recent Nevada case of *Lioce v. Cohen*, 149 P.3d 916 (Nev. 2006). In this case, the defense attorney made the following remarks in closing arguments:

> Ladies and gentlemen, at some time, at some point we must say, enough is enough. People must take responsibility for their lives and not blame others for challenges and setbacks. People must stop wasting taxpayers' money and jurors' valuable time on cases like this.
>
> I also want to apologize if any of you thought that I was overzealous at times during this trial or if any of my remarks or examinations of the witnesses offended. If I offended you, I sincerely apologize. That was not my intention. But, you see, this is a case where the plaintiffs are trying to get something for nothing. You're probably wondering why I've spent so much time and energy on defending this case. It's not a big case. It's not a million-dollar case. You're not going to hear about this in the paper.

> But, you see, I have a real passion for this kind of case. It's cases like this that make people skeptical and distrustful of lawyers and their clients who bring these type of lawsuits. It's a big factor as to why our profession is not as honorable in the eyes of the public as it once was. But the only way that people and their chiropractors will stop bringing these cases is if juries start saying no, enough is enough. Our legal process is meant to justly compensate and make one whole, not to make them rich.

*Id*. at 921. The Court held that these statements were worthy of a mistrial and the attorney who made the remarks was subject to discipline. *Id*.

Tort reform is a hot button issue and Plaintiffs respectfully ask the Court to prevent any of the parties involved from appealing to the jury's passions and prejudices concerning tort reform issues.

\*

2.  Plaintiffs, pursuant to FRE 104, respectfully request that this Honorable Court issue an Order in Limine preventing Defendants from introducing any evidence, advancing any theories, or calling any witness (other than designated expert witnesses) that was not previously identified or is contrary to that disclosed in their initial disclosures and discovery responses.

Plaintiffs propose that Defendants be bound by their prior responses so as to avoid the obvious prejudice to Plaintiffs that would arise from any amended or supplemental response that might be served at this late date. This request is supported by direct guidance from the Ninth Circuit which held "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigant … [t]hus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues." *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana*, 408 F.3d 1142 (9th Cir. 2005).

Defendants have previously provided responses to written discovery propounded by Plaintiffs and otherwise, responses that Plaintiffs have continued to rely upon in preparing for trial. Additionally, Defendants are required to supplement their responses under the Federal Rules of Civil Procedure. By now precluding Defendants from introducing any evidence, witnesses, or making any contentions and introducing any theories, documents and/or drawings not previously identified or running contrary to that which was identified, the Court can effectively prevent any prejudice to Plaintiffs as Defendants had ample opportunity to disclose any additional information before trial.

Discovery responses amount to verified written testimony by a party to litigation. In that respect, such responses differ little from deposition or trial testimony, and they should have the same effect as oral testimony. For example, answers to interrogatories are to be "in writing under oath," FRCP 33(b)(3), and any matter admitted in response to a request for admission is "conclusively established." FRCP 36(b). Further, answers to interrogatories may be used at trial as provided by the Rules of Evidence. FRCP 33(c).

The present case deals with a situation where numerous written discovery requests were propounded seeking information regarding Defendants' knowledge, practices, policies, actions, and conduct, and defendants should be bound by their discovery responses in order to give meaning and effect to the rules of discovery.

For the foregoing reasons, it is respectfully requested that this Court issue an Order in Limine precluding Defendants from introducing any evidence and calling any witness which were not previously identified in their discovery responses.

*

3. Plaintiffs, pursuant to FRE 104, respectfully request that this Honorable Court issue an Order in Limine preventing the defendant district from using any witness to assume any position, advance any theory, state any opinion, set forth any reason or intent, or describe any fact inconsistent with, the theories, opinions, reasons, intent, or facts stated by defendant in defendant's written discovery responses and/or deposition testimony.

Plaintiffs propose that deponents be bound by their prior responses so as to avoid the obvious prejudice to Plaintiffs that would arise from any contradictory or inconsistent responses that might be served at this late date. As before, this request is supported by direct guidance from the Ninth Circuit. *See Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana*, 408 F.3d 1142 (9th Cir. 2005). This is especially the case with the district's 30(b)(6) testimony. In discovery, Plaintiffs issued significant amounts of written discovery that went largely unanswered. Plaintiffs then took the defendant district's 30(b)(6) deposition, comprising eight topics, with detailed itemizations. The result was the depositions of Angela Thompson, Brook Williams, Kerry Evans, Robert Hannah, and Terri Sorensen, each presented by the defendant district as its 30(b)(6) witness to answer the matters set forth on the 30(b)(6) witness notice. Plaintiffs repeatedly raised that the defendant would likely be unable to answer the topics, as it had not designated any individual aid for BS after November of 2015, and had no designated any individual aid for OC, at all. There were several matters answered, revealed, and further left unanswered by the district. The defendant district should not now be able to change those answers, or create answers, through *any witnesses*, because such is the process by which

the district disclosed its knowledge, its intent, and its actions and conduct. In short, the district should be bound to its 30(b)(6) testimony.

Both Plaintiffs and Defendants have taken substantial deposition testimony, testimony that Plaintiffs have relied upon, and will continue to rely upon, in preparing for trial. Additionally, each of the individuals and entities deposed have reviewed the contents of their depositions for accuracy, and have certified that their deposition testimony is accurate and truthful. By now precluding the district from deviating from its testimony provided during written discovery and depositions, the Court can effectively prevent any prejudice to Plaintiffs as that defendant had ample opportunity to correct or amend their responses and deposition testimony before trial. Deposition testimony is, indeed, testimony taken under oath, and has the same force and effect as oral testimony. See Fed.R.Civ.P. 30.

The present case deals with a situation where numerous depositions were taken of Defendants, regarding the several deponents' knowledge, expertise, experience, understanding, experience, intent, and reasons, in order to form the basis of the district's testimony, what it did, what it did not do, and why it did it. The defendant district should be bound by those responses, in order to give meaning and effect to the rules of discovery.

*

4. Prohibiting the defense at trial from introducing, mentioning, alluding to, testifying to or implying any evidence that Plaintiffs are greedy, or that Plaintiffs' actions in this case are motivated by greed.

Greed is irrelevant to the issues that the jury will decide in this case. Simply stated, the key issues are whether Defendants breached the duties owed to Plaintiffs and the amount of Plaintiffs' damages that are attributable to Defendants' actions.

For purposes of this Motion, Rules 401, 402, 403 and 404, Federal Rules of Evidence are controlling.

Rule 401, Federal Rules of Evidence provides:

> Evidence is relevant if:
> (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) The fact is of consequence in determining the action.

Rule 402, Federal Rules of Evidence provides:

> Relevant evidence is admissible unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute;
> - these rules; or
> - other rules prescribed by the Supreme Court.
>
> Irrelevant evidence is not admissible.

Rule 403, Federal Rules of Evidence, provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Rule 404(a)(1), Utah Rules of Evidence, provides:

> **Prohibited Uses**. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

Any evidence of alleged greed would be irrelevant to the issues in this case, and would be highly prejudicial. Moreover, because greed is a character trait, such evidence would be inadmissible under Rule 404(a), Federal Rules of Evidence. *See United States v. Derington,* 229

**Plaintiffs' Omnibus Motions in Limine**
*Swope et al. v. Oneida School District No. 351 et al.*, Case No. 140100338
Page 8

F.3d 1243, 1247 (9th Cir. 2000) (prosecutor's argument highlighting greed "touches on a trait of character" and should not have been made); *United States v. Liporace*, 133 F.3d 541, 545 (7th Cir. 1998) (character evidence of greed is inadmissible).

Because the evidence is irrelevant and because Rule 404(a) clearly prohibits admission of character evidence under these circumstances, any argument, evidence, or suggestion of greed should not be allowed. Thus, Plaintiffs respectfully request the Court to enter an order prohibiting Defendants from making any such suggestions at trial.

\*

5. Plaintiffs, pursuant to FRE 804, respectfully request that this Honorable Court issue an Order in Limine finding that OC is unavailable as a witness as a result of the fact that OC cannot be present as a result of her infirmity, physical, and mental illnesses. Plaintiffs have already established the unavailability of BS in these proceedings, see Dkt. 62 (sealed), and the Court should maintain that order for purposes of defendants attempting to call BS to testify at trial. Regarding OC, however, Plaintiffs respectfully request that, as a result of OC's unavailability as a witness, Plaintiffs be allowed to introduce testimony given by OC at her lawful deposition.

Rule 804(a)(4), Federal Rules of Evidence provides:

> **(a) Criteria for Being Unavailable.** A declarant is considered to be unavailable as a witness if the declarant:
> …
> **(4)** cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness.

Rule 804(b)(1), Federal Rules of Evidence provides:

> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:

> **(1)** *Former Testimony*. Testimony that:
>
>> **(A)** was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>>
>> **(B)** is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

As a result of her currently existing infirmity, and unavailability,[1] it is appropriate that OC's deposition testimony, taken under oath, be excluded from the rule against heresy. OC's deposition testimony was given by OC at a lawful deposition in the course of the current proceeding and is offered against Defendants who had a clear opportunity and motive to develop it by direct, cross-, and redirect examination.

Because the evidence and because Rule 804(b) clearly provides an exception to the rules against hearsay, OC's deposition testimony is admissible under the Federal Rules of Evidence in lieu of direct testimony at trial. Thus, Plaintiffs respectfully request the Court to enter an order allowing OC's deposition testimony to be admitted in lieu of direct testimony at trial.

*

6.   Plaintiffs, pursuant to Idaho Code § 6-1701(3), respectfully request that this Honorable Court issue an Order in Limine preventing Defendants from introducing any evidence

---

[1] Shortly after OC had her deposition taken, she began for the first time experiencing seizures which her healthcare providers have indicated induced by 'stress.' These seizures are apparently exacerbated by illness, and OC has been repeatedly ill, causing the seizures to be all the more frequent. The undersigned has made contact with the two physicians who are chiefly working with OC on these two (2) new complications, and is awaiting a written opinion from each as to whether OC can safely participate in the trial. As of April 1, 2019 the undersigned was apprised that both of those requests are now in the hands of these physicians, as they had to first be routed through the physicians' own legal counsel. On obtaining these opinions, the same will be provided to the Court to ensure that the Court can make an educated decision as to OC's availability.

regarding criminal action, or more particularly the lack thereof, being made against any defendants. Such evidence is irrelevant under FRE 401 and 403.

Idaho Code § 6-1701(3) provides:

> The civil causes of action provided for in this section exist independently of any criminal action commenced pursuant to chapter 15, title 18, Idaho Code. A civil action may be pursued under the provisions of this chapter even if a criminal prosecution is not pursued.

Because Idaho Code § 6-1701 governs tort actions in child abuse cases, and specifically makes tort actions available regardless of any criminal actions commenced, a lack of any such criminal action is irrelevant to the issues that the jury will decide. Plaintiffs are entitled to bring an action for child abuse, regardless of whether a criminal action was commenced. Furthermore, because Idaho Code § 6-1701 expressly prohibits the nonexistence of such criminal action as a defense, there is a substantial danger of unfair prejudice, confusion of the issues, and misleading the jury should the admission of such evidence occur.

\*

7. Any reference or suggestion regarding the effect or results of a claim, suit or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to Defendants as a result of this or any other lawsuit or claim.

\*

8. Any reference or suggestion as to what Plaintiffs will or might do with any award of damages they might receive. Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time. [F.R.E. 401, 402 and 403.]

\*

9.     Any reference or suggestion as to the testimony of any witness whose identity was not specifically disclosed in response to Plaintiffs' discovery requests and/or in pretrial disclosures. Such evidence or comment should be prohibited by F.R.C.P. 26(e).

*

10.    Defense counsel should be prohibited from expanding objections beyond proper form, including but not limited to (a) using objections to coach their witnesses and (b) arguing in support of their objections before approaching the bench ("speaking objections").

*

11.    Any reference or suggestion as to the contents of, or tender of, any *ex parte* statement or report of any person not then and there present in court to testify and to be cross-examined by counsel for Plaintiffs, excluding *ex parte* statements specifically allowed pursuant to other motions in limine. Such evidence or comment is inadmissible hearsay. [F.R.E. 801-806.]

*

12.    Any reference or suggestion as to the probable testimony of a witness available to Defendants, who is not called to testify in this case. [F.R.E. 401 and 402.]

*

13.    Any reference or suggestion as to whether or not Defendants, or any of their witnesses, believe that any of Plaintiffs' witnesses are honorable or otherwise worthy of belief. Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time. [F.R.E. 401, 402 and 403.]

*

14. Any reference or suggestion by Defendants' counsel as to their personal beliefs concerning the credibility of any witness, or as to the merits of Plaintiffs' claims, injuries or damages. See *Lawn v. U. S.*, 78 S.Ct. 311 (1958).

\*

15. Any reference or suggestion as to any testimony of an expert witness which differs materially from the summary of expert testimony set forth in Defendants' answers to discovery, pretrial disclosures, expert disclosures, reports and/or deposition testimony. Such evidence or comment should be prohibited by F.R.C.P. 26(e). The requirement to supplement applies not only to documents and items produced in the course of discovery, but also to expert testimony and information contained in an expert's report. With regard to the testimony of Defendants' experts, they should be bound to their previously expressed opinions and written reports.

\*

16. Any reference or suggestion as to any testimony or evidence concerning Plaintiffs' receipt of collateral source benefits. As supported by Federal Rules of Evidence 402 and 403, and the Collateral Source Rule, "benefits received by the Plaintiffs from a source collateral to the Defendants may not be used to reduce that Defendants' liability for damages." *Mclean v. Runyon*, 222 F.3d 1150, 1155-56 (9th Cir. 2000). (citing 1 DAN B. DOBBS, LAW OF REMEDIES S 3.8(1) at 372-73 (2d ed. 1993)); *accord Kauffman v. Sidereal Corp.*, 695 F.2d 343, 346-47 (9th Cir. 1983). Put another way, "the defendant should not profit from benefits that the plaintiff has paid for himself." *Id.* at 1156; *See, e.g., Siverson v. United States*, 710 F.2d 557, 560 (9th Cir. 1983); *Gypsum Carrier, Inc. v. Handlesman*, 307 F.2d 525, 534 (9th Cir. 1962)

("As between the injured person and the tortfeasor, the former's claim is the better . . . . The tortfeasor bears only the single burden for his wrong. That burden is imposed by society . . . to deter" wrongful conduct); *see generally* 2 DOBBS S 8.6(3) at 493-98.

The Collateral Source Rule is generally explained as follows:

> If an injured person receives compensation for his injuries from a source wholly independent of the tort-feasor, the payment should not be deducted from the damages which he would otherwise collect from the tort-feasor. In other words, a Defendant tortfeasor may not benefit from the fact that the Plaintiff has received money from other sources as a result of the Defendant's tort, e.g. sickness and health insurance.

Black's Law Dictionary, 262 (6th ed. 1990); see also Restatement (Second) of Torts § 920A. Plaintiffs should be permitted to redact all references to collateral sources from documents which will come into evidence at trial.

\*

17. Any reference or suggestion that these Motions in Limine have been presented to or ruled upon by the Court. In this connection, Plaintiffs move that Defendants' counsel be instructed not to suggest to the jury, directly or indirectly, that Plaintiffs have sought to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit. Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time. [F.R.E. 401, 402 and 403.]

\*

18. Prior settlement discussions between/among the parties. [F.R.E. 408.]

\*

19.     Plaintiffs, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and Rule 8(c) of the Idaho Rules of Civil Procedure, respectfully request that this Honorable Court issue an Order in Limine preventing Defendants from introducing any evidence regarding comparative or contributory negligence or responsibility.  Because such an affirmative defense must be affirmatively stated in response to a pleading, and Defendants have entirely failed to do so, Defendants should be appropriately barred from raising such a defense at trial.

20.     Plaintiffs, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and Rule 8(c) of the Idaho Rules of Civil Procedure, respectfully request that this Honorable Court issue an Order in Limine preventing Defendants from introducing any evidence regarding comparative or contributory negligence or responsibility.  Because such an affirmative defense must be affirmatively stated in response to a pleading, and Defendants have entirely failed to do so, Defendants should be appropriately barred from raising such a defense at trial.

21.     Plaintiffs, pursuant to Rule 14 of the Federal Rules of Civil Procedure and Rule 14 of the Idaho Rules of Civil Procedure, respectfully request that this Honorable Court issue an Order in Limine preventing Defendants from introducing any evidence regarding fault attributable to a third-party.  Because such a person must be added, and notice provided prior to such an individual being added to the Jury verdict form, where defendants have not attempted to do so nor provided any notice of an intent to do so, the court should foreclose any allegations, arguments, theories, or attempts to move liability to a third-party, and defendants should be appropriately barred from raising such a defense at trial.

22.     Plaintiffs, pursuant to Rule 609 of the Federal Rules of Evidence hereby move this Honorable Court to issue an Order in Limine preventing Defendants from introducing any

evidencing relating to any criminal charges, convictions, or disciplinary actions relating to any plaintiff, as OC and BS are juveniles, and defendants have not produced any notice in accordance with the Rule. Furthermore, the probative value of any such evidence is substantially outweighed by the undue prejudice such would cause, and should therefore be excluded under Rule 403 of the Federal Rules of Evidence.

23. Plaintiffs, pursuant to Rule 10 of the Federal Rules of Civil Procedure, hereby incorporates by reference those citations to the record, legal authority, and arguments set forth in the following pleadings, and requests the Court to permit, and exclude that evidence as requested in each respective pleading: *Plaintiffs' Rule 702 Motion to Exclude Expert Witnesses* (Feb. 8, 2019); *Plaintiffs' Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony* (March 1, 2019); *Plaintiffs' Memorandum in Response and Opposition to Defendants' 1st Motion in Limine* (March 1, 2019); plaintiffs' *Reply in Support of Plaintiffs' Rule 702 Motion to Exclude Expert Witnesses* (March 15, 2019).

WHEREFORE, Plaintiffs pray that this Court enter an Order for the above requested relief.

DATED this 1st day of April, 2019.

BEARNSON & CALDWELL, LLC

/s/ Aaron K. Bergman
Brad H. Bearnson
Aaron K. Bergman
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2019, I e-filed and emailed a true and correct copy of the foregoing **PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE** to:

Brian K. Julian
Chris H. Hansen
ANDERSON, JULIAN & HULL LLP
*Counsel for Defendants*
bjulian@ajhlaw.com
chansen@ajhlaw.com

                                        /s/ *Aaron K. Bergman*