UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY SWOPE and MARLA SWOPE, individually and on behalf of B.S., and DENISE COOMBS, individually and on behalf of O.C.,<br><br>Plaintiffs,<br><br>v.<br><br>ONEIDA SCHOOL DISTRICT NO. 351, a county school district; DAVID RISENMAY, in his individual and official capacities; TERRI SORENSEN, in her individual and official capacities, and KERRY EVANS, in her individual and official capacities,<br><br>Defendants. | Case No. 4:17-cv-00113-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendants' Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50. Defendants raised this motion on May 6, 2019, following the conclusion of Plaintiffs' case in chief. After hearing argument from both sides, the Court took the motion under advisement. As set forth more fully below, the Court GRANTS in PART and DENIES in PART Defendants' Motion for Judgment as a Matter of Law, and defers ruling on any other claims until the conclusion of trial.

# II. FACTUAL AND PROCEDURAL BACKGROUND

A general background of this case is set forth in Judge Mark. W. Bennett's prior Order. Dkt. 80, at 5-21. The Court incorporates that background by reference here.

# III. LEGAL STANDARD

Motions for judgment as a matter of law are properly brought under Rule 50 of the Federal Rules of Civil Procedure. Rule 50(a) reads, in part:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury.

Fed. R. Civ. P. 50(a).

"Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir.2008) (internal citation omitted). Thus, "[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." *Id.* (Internal citation omitted); *see also Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007) ("Rule 50(a) . . . allows a court to remove issues—claims, defenses, or entire cases—from the jury when there is no legally sufficient evidentiary basis to support a particular outcome.") (punctuation and citations omitted).

Evidence must be viewed in the light most favorable to the nonmoving party, with all reasonable inferences drawn in favor of that party. *Torres*, 548 F.3d at 1205-06. Judgment as a matter of law is not appropriate if conflicting inferences may be drawn from the facts. *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 959 (9th Cir.2000).

# IV. DISCUSSION

Defendants' moved for judgment as a matter of law on most of Plaintiffs' claims. Other than the specific claims analyzed below, the Court defers ruling on Plaintiffs' other claims until the conclusion of trial.

## A. *Federal Claims*

As an initial matter, the Court notes that Judge Bennett's prior order (Dkt. 80, at 103-07) found that Defendants Risenmay, Sorensen, and Evans could not be held individually liable on Plaintiffs' federal claims. That decision stands, and federal claims against these Defendants in their individual capacity will not be submitted to the jury.

As it relates to Plaintiffs' federal claims against the District, the Court defers ruling on Defendants' Motion until the conclusion of trial.

## B. *Child Abuse*

Plaintiffs' Child Abuse claims are brought under Idaho Code § 6-1701. This provision creates four tort causes of action in child abuse cases, defining them by incorporating criminal statutes by reference. In this case, Plaintiffs allege that the District committed the tort of injury to a child under Idaho Code § 6-1701(4), which defines the tort by incorporating the language of Idaho Code § 18-1501 by reference. This provision states:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered . . . .

Idaho Code § 18-1501(1)

The Idaho Supreme Court has explained that defendants may be liable for this tort if they:

> [W]illfully caused or permitted [plaintiff] to suffer; or willfully inflicted upon [plaintiff] unjustifiable physical pain or mental suffering; or willfully caused or permitted [plaintiff's] person or health to be injured while having care or custody of him; or willfully caused or permitted [plaintiff] to be placed in such situation that his person or health may have been endangered while having the care or custody of him. *State v. Tiffany*, 139 Idaho 909, 88 P.3d 728 (2004) (defining the ways in which the comparable language in subsection (1) of Section 18-1501 could be violated).

*Steed v. Grand Teton Council of the Boy Scouts of Am., Inc.*, 172 P.3d 1123, 1127 (2007).

Idaho Code section 18-1501(5) defines "willfully" as "acting or failing to act where a reasonable person would know the act or failure to act is likely to result in injury or harm or is likely to endanger the person, health, safety or well-being of the child." Here, Defendants have moved for judgment as a matter of law on Plaintiffs' child abuse claims against all Defendants. The Court considers each Defendant in turn:

    i.    Mrs. Evans

Defendants argue that Plaintiffs cannot succeed on their child abuse claim against Mrs. Evans because there is no evidence that she intentionally tried or intended to harm Oakley. However, this argument rests upon an incorrect legal standard. Defendants assert that "willfully" as used in Idaho Code § 18-1501 requires a defendant to have "actual knowledge." They draw this standard from the Idaho Supreme Court's decision in *Steed*. There, the Court said that "[w]illfully in this context requires actual knowledge." *Steed*, 172 P.3d at 1128-29.

However, in a footnote immediately following that sentence, the Court explains:

> In 2005, the legislature amended Idaho Code § 18-1501 to create a negligence standard of care for the conduct in that statute that must be done

"willfully." It defined "willfully" in the statute to mean "acting or failing to act where a reasonable person would know the act or failure to act is likely to result in injury or harm or is likely to endanger the person, health, safety or well-being of the child." Ch. 151, § 1, 2005 Idaho Sess. Laws 467. Defining "willfully" to mean what "a reasonable person would know" is a negligence standard of care. *Ahles v. Tabor*, 136 Idaho 393, 34 P.3d 1076 (2001) (a reasonable person standard encompasses the concept of ordinary negligence); *Nelson v. Northern Leasing Co.*, 104 Idaho 185, 657 P.2d 482 (1983) (finding of negligence upheld based upon the risk to a child that a reasonable person would have foreseen); 57A Am.Jur.2d, Negligence, § 133 (2004) ("The phrasing of the standard of care in negligence cases in terms of the 'reasonable person' is firmly implanted in the American law of negligence"). The district court initially ruled that the 2005 amendment would be applied retroactively to this case, but later on a motion for reconsideration correctly held that doing so would constitute an improper retroactive application of the amendment in violation of I.C. § 73-101.

*Id.* at 1129 n.3.

Thus, following the 2005 Amendment, "willfully" as used in this context does not necessarily require actual knowledge. Instead, by defining "willfully" as what "a reasonable person would know," the Idaho legislature has instead created a negligence standard of care.

Accordingly, Mrs. Evans may be liable under this tort claim if a reasonable person in her position would have known that her alleged actions were likely to result in injury or harm or were likely to endanger the person, health, safety or well-being of Oakley. This is a determination best left to the jury, and the Court finds that the evidence presented at trial could allow a reasonable jury to find Mrs. Evans committed this tort. Accordingly, Defendants Rule 50 Motion as it relates to Plaintiffs' claim of child abuse against Mrs. Evans is DENIED.

*ii.     Ms. Sorensen*

Defendants argue that, based upon the evidence presented at trial, the only possible child abuse claim Plaintiffs have against Ms. Sorensen stems from her alleged statements to Robbie Williams regarding Baylor's toileting process. However, they contend that Ms. Sorensen never caused Baylor to be injured or placed him in a situation in which he could have been injured.

On this matter, the Idaho Supreme Court has explained:

> A defendant can be liable for damages under Idaho Code § 6-1701(4) even if the defendant did not actually harm the child. Such liability is not based upon the wrongdoing of another being imputed to the defendant. It is based upon the defendant's conduct in willfully permitting the person or health of the child to be injured or willfully permitting the child to be placed in such situation that his person or health may be endangered.

*Steed*, 172, P.3d at 1127.

In response to Defendants' arguments, Plaintiffs counter that, as the special education director, Ms. Sorensen knew about Baylor's limitations and toileting needs. Thus, a reasonable person in her position would know that her instructions to Williams could place Baylor in a dangerous situation. However, even if the Court agrees that Ms. Sorensen's instructions could have placed Baylor in a dangerous situation, the proper inquiry here is whether Baylor *was* placed in a dangerous situation, not whether he *could have been*.

The evidence presented at trial indicates that Williams never actually helped Baylor with toileting. Thus, no reasonable jury could find that Ms. Sorensen placed Baylor in a dangerous situation with Williams because Williams never carried out the

toileting duties. Thus, the Court GRANTS Defendants' Rule 50 Motion on the child abuse claim related to Ms. Sorensen's alleged statements to Williams.

That said, Plaintiffs also argue that Ms. Sorensen committed the tort of child abuse because she was responsible for providing Baylor with a toileting lift. Rather than promptly providing such a lift, Plaintiffs contend that Ms. Sorensen slowly carried out the process—thereby subjecting Baylor to over a year without the needed lift (which they contend was a sufficiently dangerous situation). Further, once the lift was obtained, Plaintiffs argue that Ms. Sorensen's failure to ensure the strap properly fit Baylor caused Baylor physical injury.

Whether Ms. Sorensen was responsible for obtaining the lift, whether the absence of the lift constituted a sufficiently dangerous situation, whether Baylor's related injuries rise to the level of child abuse, and whether Ms. Sorensen acted "willfully" as the term is used in the relevant portions of the Idaho Code are questions best left to the jury. Additionally, the Court finds that the evidence presented at trial could allow a reasonable jury to find Ms. Sorensen liable under this tort claim. As such, the Court DENIES Defendants' Rule 50 Motion on the child abuse claim as it relates to Ms. Sorensen's alleged delay in obtaining the lift, and the injuries the lift caused Baylor.

iii. *Mr. Risenmay*

Defendants argue that there is no evidence that Mr. Risenmay had any direct interactions with Baylor or Oakley, and that there is no evidence that any of his decisions harmed the children or placed them in a situation in which they could be harmed.

Plaintiffs counter that, after the school custodian attempted to create a toileting

accommodation for Baylor, Mr. Risenmay had the accommodations removed without any alternative put in place. As a result, they argue that Baylor had to go downstairs to use the restroom and had to be carried into the restroom in front of his peers—which caused embarrassment and humiliation. Again, the Court finds that this issue presents questions that are best left to the jury. These include questions of whether Mr. Risenmay actually caused the accommodations to be removed without an alternative, whether that removal caused Baylor sufficient harm (or risk of harm), and whether a reasonable person would have known that such action was likely to cause harm. The Court also finds that sufficient evidence was presented at trial to allow a reasonable jury to find in favor of Plaintiffs on this claim. Accordingly, the Court DENIES Defendants' Rule 50 Motion on the child abuse claim as it relates to Mr. Risenmay.

  *iv.*  *The District*

Defendants argue that there is no evidence to support a finding of child abuse against the District. Specifically, Defendants reference Baylor's fall from the sidewalk/ramp, and contend that at the very most this *may* be negligence, but it is not child abuse because there is no evidence that the District intentionally or willfully caused Baylor to fall from the sidewalk. They raise a similar argument regarding Oakley's leg injury.

The Court disagrees, and finds that, based upon the definition of "willfully" provided by the Idaho Code, the evidence presented at trial could allow a reasonable jury to find the District committed the tort of child abuse. As a result, the Court DENIES Defendants' Rule 50 Motion on the child abuse claim as it relates to the District.

### C. Intentional Infliction of Emotional Distress

Under Idaho law, to succeed on a claim of intentional infliction of emotional distress, a plaintiff must prove: 1) the defendant's conduct was intentional or reckless; 2) the conduct was extreme and outrageous; 3) there was a causal connection between the wrongful conduct and the emotional distress; and 4) the emotional distress was severe. *Spence v. Howell*, 890 P.2d 714, 725 (Idaho 1995). Additionally, "[t]o recover damages for emotional distress, Idaho law 'clearly requires that emotional distress be accompanied by physical injury or physical manifestations of injury.'" *Hopper v. Swinnerton*, 317 P.3d 698, 707 (Idaho 2013) (quoting *Brown v. Matthews Mortuary, Inc.*, 801 P.2d 37, 42 (Idaho 1990)).

The Idaho Court of Appeals has stated that "[a] child victim's age and attendant vulnerability are factors to be considered in determining whether a defendant's conduct was sufficiently outrageous or reckless to give rise to liability, and a child may suffer severe anguish from conduct that would not be likely to cause such reactions in an adult." *Payne v. Wallace*, 32 P.3d 695, 699 (Idaho Ct. App. 2001). "However, the victim's age does not lessen the requirement that her actual distress be severe." *Id.*

Defendants have moved for judgment as a matter of law on Plaintiffs' intentional infliction of emotional distress claims against all Defendants. The Court considers each Defendant in turn:

i. Mrs. Evans

Defendants contend that Mrs. Evans' alleged statement following Oakley's bathroom incident was not made in Oakley's presence, and therefore, is not extreme or outrageous.

MEMORANDUM DECISION AND ORDER - 9

The Court does not necessarily agree that the mere fact that Oakley was not in Mrs. Evans' immediate presence prevents her conduct from being extreme or outrageous. The evidence presented at trial suggests Oakley was still within hearing range of Mrs. Evans, and a reasonable jury could find that Mrs. Evans knew or should have known that fact.

However, the Court does not find that Mrs. Evans' conduct was extreme or outrageous—even in light of Oakley's age and condition. Undoubtably Mrs. Evans' alleged statement and behavior following Oakley's bathroom incident was insensitive, but it was not so "atrocious" or "beyond all possible bounds of decency" that it would cause an average member of the community to believe it was "outrageous." *See Edmondson v. Shearer Lumber Prods.*, 139 Idaho 172 (2003) ("Even if a defendant's conduct is unjustifiable, it does not necessarily rise to the level of 'atrocious' and 'beyond all possible bounds of decency' that would cause an average member of the community to believe it was 'outrageous.'").[1]

Accordingly, Defendants Rule 50 Motion as it relates to Plaintiffs' claim of intentional infliction of emotional distress against Mrs. Evans is GRANTED.

ii. Ms. Sorensen

Defendants argue that Ms. Sorensen was not involved with Oakley's incident in Mrs. Evans class, Baylor's fall, nor any decision to allow Oakley to crawl up the stairs. Additionally, although Plaintiffs may not have agreed with all of Ms. Sorensen's decisions, Defendants contend that her decisions were not so extreme or outrageous as to

---

[1] Because the Court holds that no reasonable jury could find Mrs. Evans' conduct was "extreme and outrageous" as required by Idaho law, the Court need not determine whether there is sufficient evidence to allow a jury to find that Oakley exhibited physical manifestations of injury as a result.

MEMORANDUM DECISION AND ORDER - 10

allow a claim of intentional infliction of emotional distress. The Court agrees, and finds that, based upon the evidence presented at trial, no reasonable jury could find otherwise. As such, the Court GRANTS Defendants' Rule 50 Motion as it relates to Plaintiffs' claim of intentional infliction of emotional distress against Ms. Sorensen.

### iii. Mr. Risenmay

Similarly, Defendants argue that there was no evidence presented that Mr. Risenmay personally interacted with Baylor or Oakley or made decisions that were so extreme or outrageous as to allow a claim of intentional infliction of emotional distress to move forward.

The Court is unaware of any evidence that would link Mr. Risenmay's decisions to emotional distress suffered by Plaintiffs. To the extent Plaintiffs would argue Mr. Risenmay's removal of bathroom accommodations caused such distress for Baylor, Plaintiffs have failed to show that removing these accommodations caused severe emotional distress.

Accordingly, the Court finds that, based upon the evidence presented at trial, no reasonable jury could find Mr. Risenmay liable for intentional infliction of emotional distress. As such, the Court GRANTS Defendants' Rule 50 Motion as it relates to Plaintiffs' claim of intentional infliction of emotional distress against Mr. Risenmay.

### iv. The District

Finally, Defendants argue that, although Plaintiffs may have disagreed with the District's decisions, its decisions did not rise to the level of intentional infliction of emotional distress. The Court agrees and finds that the evidence presented at trial could

not allow a reasonable jury to find that the District's conduct was sufficiently extreme or outrageous. Accordingly, the Court GRANTS Defendants' Motion as it relates to Plaintiffs' claim of intentional infliction of emotional distress against.

## V. ORDER

1. Defendants' Motion for Judgment as a Matter of Law is GRANTED in PART and DENIED in PART, consistent with the above analysis.

2. The Court reserves ruling on the remainder of Defendants' Rule 50 Motion until the conclusion of trial.

DATED: May 7, 2019

David C. Nye
Chief U.S. District Court Judge